# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CLARENCE ANDERSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KERNAN, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:19-cv-01048-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATIONS TO PROCEED** *IN FORMA PAUPERIS*<br><br>(Docs. 2, 3, 10)<br><br>TWENTY-ONE (21) DAY DEADLINE |

**I.　INTRODUCTION**

Plaintiff, Hector Clarence Anderson, is a state prisoner proceeding *pro se* in this civil action under 42 U.S.C. § 1983. Plaintiff has filed two applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 2, 10.)[1] Plaintiff's applications should be **DENIED** since Plaintiff has three strikes under § 1915 and his allegations fail to show that he is in imminent danger of serious physical injury.

**II.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner

---

[1] Plaintiff also filed a motion to order prison officials to provide a certified copy of his inmate trust account statement. (Doc. 3.) Prison staff filed a copy of Plaintiff's trust fund account statement on August 20, 2019. (Doc. 12.) Plaintiff's motion is disregarded since it is rendered moot.

1

bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III. DISCUSSION

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, the Court takes judicial notice of Plaintiff's prior lawsuits: (1) *Anderson v. Kernan, et al.*, CAED No. 1:18-cv-00021-LJO-BAM (PC), dismissed for failure to state a claim on August 10, 2018; (2) *Anderson v. Silva*, CAED No. 8:18-cv-01612-LJO-BAM (PC), dismissed for failure to state a claim on February 20, 2019; and (3) *Anderson v. Keefe Commissary Network, LLC, et al.*, CACD No. 2:19-cv-04892-VAP-FFM, dismissed for failure to state a claim on June 12, 2019. All of these actions were dismissed before Plaintiff filed the present action on July 31, 2019. Plaintiff is therefore subject to 28 U.S.C. § 1915(g), and is precluded from proceeding *in forma pauperis* in this action unless, at the time the Complaint was filed, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's Complaint in this action and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff's allegations are all based on actions by Defendant Brown, whom Plaintiff alleges was fired in May of 2017, which was more than two years before he filed this action. (Doc. 1, p. 12.) Further, in Claims I and II, Plaintiff seeks to pursue claims based on violation of 15 CCR § 3023(a) and in Claim III, Plaintiff seeks to pursue a claim based on violation of 15 CCR § 3040(c)(4). The existence of regulations governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly for their enforcement, or to sue for damages based on their violation. The Court has not found any authority to support a finding that there is an implied private right of action under Title 15 of the California Penal Code. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff cannot state any cognizable claims upon which relief may be granted based on the

violation of Title 15 regulations.

Although the circumstances of which Plaintiff complains are not desirable, his allegations do not show that he was in imminent danger of serious physical injury when he filed this action on July 31, 2019. *See Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015); *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007). Thus, Plaintiff is precluded from proceeding *in forma pauperis* in this action. *Andrews*, 493 F.3d at 1056-57. This case should be dismissed without prejudice to refiling[2] upon prepayment of the filing fee.

## IV. CONCLUSION and RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's applications to proceed *in forma pauperis*, filed on July 31, 2019, (Doc. 2), and August 14, 2019, (Doc. 10), be DENIED and this action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in the waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 5, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is cautioned that, if he refiles in this or any other court based on any claimed violation of California law, he will be required to show compliance with the California Government Claims Act, set forth in California Government Code sections 810 et seq.