1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   HECTOR CLARENCE ANDERSON,              1:19-cv-01048-LJO-SKO (PC)

12                 Plaintiff,

13         v.                               ORDER DENYING MOTION FOR
                                            APPOINTMENT OF COUNSEL
14   SCOTT KERNAN, et al.,
                                            (Doc. 16)
15                 Defendant.

16

17

18

19         Plaintiff Hector Clarence Anderson is a prisoner proceeding *pro se* in this civil rights

20   action pursuant to 42 U.S.C. § 1983. On October 7, 2019, Plaintiff filed a motion seeking the

21   appointment of counsel. (Doc. 16.) Plaintiffs do not have a constitutional right to appointed

22   counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the

23   Court cannot require an attorney to represent plaintiffs under 28 U.S.C. § 1915(e)(1). *See Mallard*

24   *v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the

25   Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113

26   F.3d at 1525.

27         Given that the Court has no reasonable method of securing and compensating counsel, the

28   Court will seek volunteer counsel only in extraordinary cases.  In determining whether

"exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this early stage in the proceedings, the Court cannot make a determination on whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *See id*. Although Plaintiff states that he is on psychotropic medication, (Doc. 16 at 1), there is no evidence presented that this medication prevents him from adequately presenting his claims.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   __October 22, 2019__                    _____ /s/ *Sheila K. Oberto* _____
                                                 UNITED STATES MAGISTRATE JUDGE